**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROSLYN DARLING,<br><br>                Plaintiff,<br><br>      v.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>                Defendants. | ) Case No. CV 11-7086-RGK (SP)<br>)<br>)<br>) **ORDER ACCEPTING FINDINGS AND**<br>) **RECOMMENDATION OF UNITED**<br>) **STATES MAGISTRATE JUDGE**<br>)<br>)<br>)<br>)<br>)<br>) |

       Pursuant to 28 U.S.C. § 636, the Court has reviewed the pertinent records on file, including the Final Report and Recommendation of the United States Magistrate Judge, which was filed on October 15, 2015. Following the filing of an initial Report and Recommendation on September 24, 2015, on October 6, 2015 plaintiff filed a Motion to Amend the Second Amended Complaint, seeking leave to add Deputy District Attorney Ann Marie Acosta, in her individual and official capacities, and the State of California as defendants in this action. Plaintiff then filed an Objection to the initial Report and Recommendation on October 8, 2015, which led to the filing of the Final Report and Recommendation.

       The Court denies plaintiff's Motion for leave to amend to add new parties to

this action at this late juncture. Plaintiff seeks to hold Acosta and the State of California liable for prosecuting plaintiff in August 2010. The Court recognizes it "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This strong policy toward permitting the amendment of pleadings, however, must be tempered with considerations of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Schlachter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)), *overruled on other grounds by Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc).

Here, plaintiff has unreasonably delayed in requesting leave to amend. The Court's December 19, 2013 Case Management and Scheduling Order set an April 21, 2014 deadline for plaintiff to seek leave to substitute specifically named individuals in place of the Doe defendants named in plaintiff's strip search claim. Plaintiff did not seek such leave by the deadline, and she offers no compelling justification for now seeking to add as defendants a person and government entity long known to her after there has already been a recommended ruling on the fully-briefed summary judgment motion. *See id.* ("The timing of the motion, after the parties had conducted discovery and a pending summary judgment motion had been fully briefed, weighs heavily against allowing leave. A motion for leave to amend is not a vehicle to circumvent summary judgment.").

Further, the amendment plaintiff seeks would be futile. Plaintiff's proposed claims against Deputy District Attorney Acosta in her individual capacity for charging decisions she made would be barred by absolute prosecutorial immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341-44, 129 S. Ct. 855, 172 L. Ed. 2d 706 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976) (prosecutorial immunity applies to conduct "intimately associated with

the judicial phase of the criminal process," protecting prosecutors when performing traditional activities related to the initiation and presentation of criminal prosecutions); *Botello v. Gammick,* 413 F.3d 971, 976 (9th Cir. 2005) (prosecutorial immunity applies to the decision to prosecute a particular case). And plaintiff's claims against the State of California and against Acosta in her official capacity would be barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984) (in absence of consent suit against a State or one of its agencies is proscribed by the Eleventh Amendment); *Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1031 (9th Cir. 2000) (California district attorneys act as state officials when deciding whether to prosecute an individual). Accordingly, the Court denies plaintiff's Motion for leave to amend the Second Amended Complaint.

In addition, the Court has engaged in a de novo review of those portions of the Report to which plaintiff has objected. The Court accepts the findings and recommendation of the Magistrate Judge as set forth in the Final Report and Recommendation.

IT IS THEREFORE ORDERED that: (1) plaintiff's Motion for leave to amend (docket no. 237) is denied; (2) defendants' Motion for Summary Judgment (docket no. 224) is granted; and (3) Judgment will be entered dismissing this action with prejudice.

DATED: _10/27/15_____     _____
                                 HONORABLE R. GARY KLAUSNER
                                 UNITED STATES DISTRICT JUDGE